# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OMAR EMIGDIO ALVAREZ GONZALEZ,

    Petitioner,

v.                                           CASE NO. 8:18-cv-2675-T-02CPT

LILIANA HENAO MUOZ,

    Defendant.
_____/

## ORDER GRANTING TEMPORARY RESTRAINING ORDER UNDER THE HAGUE CONVENTION

This cause comes before the Court pursuant to Petitioner Omar Emigdio Alvarez Gonzalez' Motion for Temporary Restraining Order, (Dkt. 4), the supporting memorandum of law (Dkt. 6), and Verified Petition for Return of the Child to Colombia (Dkt. 1), which were all filed October 31, 2018. The Court grants the motion.

Petitioner claims that his wife, the Respondent, has absconded to Florida with their now four-year old daughter, as of March 1, 2018. The three, all natural born citizens of Colombia, resided there since at least the child's birth. The wife took the child to visit family in Florida on January 30, 2018. She was supposed to return to Colombia with the child no later than March 1, 2018. She remains in Florida.

Petitioner maintains that the Convention on the Civil Aspects of International Child Abduction, Done at the Hague on October 20, 1980 and the International Child Abduction Remedies Act, 22 U.S.C. § 9001, apply. He requests a temporary restraining order prohibiting the Respondent from leaving this Court's jurisdiction with the child until a hearing can take place on his Verified Petition to return the child to Colombia.

Pursuant to Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction or temporary restraining order. To obtain a temporary restraining order, the movant must demonstrate :(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225-25 (11th Cir. 2005). The Court finds that Petitioner has shown there is a likelihood of success on the merits and the wrongful retention by Respondent.

The Court further finds that the threatened injury outweighs any harm the relief would inflict on Respondent, because this temporary restraining order simply maintains the status quo. The Respondent must stay in this district with the child until a hearing on the merits can take place. The Court determines this restraining order will serve the public interest.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion for Temporary Restraining Order (Dkt. 4) is granted. Respondent is prohibited from removing the child from the jurisdiction of this Court pending further order of the Court, and no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition for Return of Child to Colombia.

2) Respondent is directed to show cause on **November 7, 2018, at 3:00 p.m.** in Courtroom 15B of the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, why the child should not be returned forthwith to Colombia, and why the other relief requested in the Verified Petition should not be granted.

3) Petitioner shall be responsible for serving Respondent pursuant to Local Rule 4.05(b)(5), and for ensuring that the Respondent is notified of the hearing. Petitioner must file proof of service once service has been effected.

4) Respondent shall surrender to the District Court any and all travel documents of both the Respondent and the child, including but not limited to any and all passports, birth certificates, travel visas, Green Cards, social security cards or

similar documents that may be used to secure duplicate passports pending final resolution of the Verified Petition.

5) Respondent has a right to be represented by an attorney at this hearing, and all proceedings related to this matter. The Court strongly encourages Respondent to retain an attorney. If you cannot afford an attorney, you may contact Bay Area Legal Services, 1302 N. 19th Street, Suite 400, Tampa, Florida 33605, telephone number, (813) 232-1343, to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact the Hillsborough County Bar Association Referral Service at (813) 221-7780 for assistance, you should do so as soon as possible after receipt of this notice.

6) Pursuant to the Hague Convention, Art. 22, the Court waives the usual bond requirement, as this case is not a case suited to monetary bonds. *See Milovic v. Milovic*, No. 3:07-cv-697-32TEM, 2007 WL 2225979 (M.D. Fla. Aug. 1, 2007).

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2018.

          s/*William F. Jung*
          **WILLIAM F. JUNG**
          **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record